

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 8, 2026

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Gökçe Güven*, 25 Cr. 592 (LAK)

Dear Judge Kaplan:

      The Government respectfully moves to exclude the period from today until at least June 15, 2026 from computation under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(1)(D), (H), (h)(7)(A), (B) & (h)(8). Such an exclusion would be in accordance with the Speedy Trial Act, and the interests of justice. Defendant Gökçe Güven has objected to *any* exclusion of time. In doing so, the defendant ignores the provisions of the Speedy Trial Act that provide for the exclusion of time for particular reasons present in this case. Moreover, the defendant is responsible for delays in the Government's ability to obtain relevant, previously subpoenaed evidence and stands in a position to influence the pace of a privilege review process that represents one impediment to an immediate trial. The defendant should not be permitted to insist on a speedy trial while, at the same time, withholding evidence that could likely be admissible at that trial.

      The Government's proposal balances the rights of the defendant and the public to a speedy trial with other considerations contemplated by the Speedy Trial Act, including the complexity of the case and the discovery materials, and the reasonable ability of both sides—including the defendant—to undertake effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The Government respectfully requests that the Court either set a trial date for June 15 or at a later time this year and exclude time through that date, or exclude time through a control date of June 15, 2026, with a date certain for trial to be determined at a future conference.

      I.      Procedural History

      On November 27, 2025, the defendant was arrested and charged by complaint with wire fraud and securities fraud. (Dkt. 1). On November 29, 2025, the defendant was presented before the Honorable Valerie Figueredo, United States Magistrate Judge, and released on bail. (Dkt. 3).

On December 18, 2025, a grand jury in this District returned Indictment 25 Cr. 592 (LAK), which charges the defendant in one count with wire fraud. (Dkt. 6). On December 20, 2025, the Government moved to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), until January 6, 2026, the date of the initial pretrial conference. (Dkt. 9). The defendant opposed the Government's request, and the Court denied the motion on December 22, 2025. (Dkt. 10). The defendant was arraigned that same day and entered a plea of not guilty. (Dkt. 12).

On January 6, 2026, the parties appeared before the Court for the initial pretrial conference. The night before the conference, the defendant filed a letter requesting a trial date during the last week in February or the first week in March. (Dkt. 16).

At the January 6 conference, the Government provided a brief overview of the case, informed the Court that its investigation was ongoing, and indicated that it intended to seek a Superseding Indictment by the end of January. (Jan. 6, 2026 Tr. 2-7). With respect to discovery, the Government represented that, while it had made three substantial discovery productions to date, its production of discovery was far from complete, in large part due to the failure by Kalder, the defendant's company, to timely comply with the Government's grand jury subpoena dated November 29, 2025. (*Id.* at 7-11). The Government separately outlined other factors that had slowed its review of materials, including that many of the materials were in Turkish, and that Kalder was claiming privilege over certain materials. (*Id.* at 14, 17).

In addition to the above, the Government informed the Court that it had served an MLAT on Brazil to obtain records from two Brazilian soccer clubs, which the defendant had falsely represented to investors were paying monthly revenue to Kalder. (*Id.* at 11). The Government also informed the Court that a trial on the schedule proposed by the defendant would present logistical challenges because Government counsel was scheduled to participate in a separate trial before the Honorable Jed S. Rakoff, United States District Judge, beginning on April 6, 2026, roughly one month after the trial dates proposed by the defendant. (*Id.* at 17).

At the end of the conference, the Government stated that it would file a written motion to exclude time under the Speedy Trial Act. (*Id.* at 18). Over the defendant's objection, the Court excluded time through the disposition of the Government's anticipated motion. (*Id.* at 18-19).

II.     Applicable Law

The Speedy Trial Act provides, in relevant part, that the trial of a charge

> shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act's 70-day period, however, is subject to the exclusions of time set forth in Section 3161(h), some of which are triggered automatically. *See* 18 U.S.C. § 3161(h)(1)-(8). One such

automatic exclusion is for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). This exclusion exempts all time between the filing of a motion and the point at which all submissions on the motion are made to the court. *See Henderson v. United States,* 476 U.S. 321, 326-32 (1986); *see also United States v. DiTommaso,* 817 F.2d 201, 209 (2d Cir. 1987). Once the motion is fully submitted to the court, a similar provision excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H); *see also United States v. Bufalino*, 683 F.2d 639, 644-45 (2d Cir. 1982) (interpreting § 3161(h)(1)(J), (which is now § 3161(h)(1)(H)) in conjunction with § 3161(h)(1)(D), noting that "should the 30-day limit place an unduly harsh burden on a trial judge, it is always open to him to find that the interest of justice is best served by granting a continuance under § 3161(h)(8) for the excess period").

Beyond these automatic exclusions, § 3161(h)(7)(A) grants a district court discretion to exclude, prospectively, additional periods if the court determines that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *see also United States v. Gambino*, 59 F.3d 353, 357 (2d Cir. 1995) ("The court is vested with broad discretion to grant this exclusion when in its view the case's complexity makes it necessary to grant counsel further time to prepare in order to ensure a fair trial."). The exclusion of time in the interests of justice, pursuant to § 3161(h)(7)(A), does not depend on the consent of the defendant. *See, e.g.*, *United States v. Asubonteng*, 895 F.2d 424, 427 (7th Cir. 1990). Rather, such exclusions may be granted "by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A).

Section 3161(h)(7)(B) sets forth a list of non-exhaustive factors that a district court shall consider in "determining whether to grant a continuance under [§ 3161(h)(7)(A)]" including

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii) . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

Finally, under § 3161(h)(8), a court shall also exclude time under the Speedy Trial Act for

> Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

18 U.S.C. § 3161(h)(8). Section 3292 defines an "official request" to include, among other things, a request under a treaty or convention, or any other request for evidence made by a court of the United States or an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country (hereinafter referred to as an "MLAT"). 18 U.S.C. § 3292.

    III.    <u>Discussion</u>

The Government respectfully submits that the present record affords the Court several independent bases to exclude time under the Speedy Trial Act until at least June 15, 2026.

*First*, an exclusion of time is appropriate in light of the complexity of the case, including that the Government's investigation is ongoing, and it is likely to seek a Superseding Indictment. The charged case and the discovery associated with it is sufficiently complex so as to warrant an exclusion of time. The case itself is a financial fraud, involving misrepresentations about revenue, and therefore it is more complex than cases in this Circuit where trial is feasible shortly after the grand jury returns an indictment. Additionally, the discovery in this case includes over 750,000 documents and more than 1.5 terabytes of data, including grand jury subpoena returns, voluminous financial records, Slack data, and records seized pursuant to search warrants executed on the defendant's electronic devices and internet accounts. Those subpoena returns include records from victim investors, including communications between the defendant and said victims, and financial data telling the story of how the defendant defrauded the victims. Beyond the mere review of the discovery materials, it is likely that both parties will need to undertake detailed financial analyses comparing the company's bank statements and contracts with the representations made to investors. Those aspects of the case alone warrant an exclusion of time under Section 3161(h)(7).

Moreover, as previewed at the January 6 conference, the Government is actively investigating other crimes committed by the defendant, including, among other things, securities fraud, visa fraud, and aggravated identity theft offenses. The Government intends to seek a Superseding Indictment by the end of January. Under these circumstances, the Court has the discretion to exclude time under the Act, at least until the date that the Government obtains a Superseding Indictment. *See, e.g.*, *United States v. Colomb*, 754 F.2d 86, 88 (2d Cir. 1985) (affirming the exclusion of time in light of "ongoing grand jury investigations"); *United States v. Ruggiero*, 726 F.2d 913, 925 (2d Cir. 1984) (affirming exclusion of time in light of "large volume of evidence, the complexity of the case, and the continuing investigation"); *United States v. Villano*, 129 F.R.D 32, 34 (W.D.N.Y. 1989) (district court excluded time under Speedy Trial Act where parties represented that the "grand jury's investigation of defendant was on-going and that additional different charges would be filed"). Excluding time to permit the filing of a Superseding Indictment is in the public interest as it will ensure the defendant is tried on all of her criminal conduct in an efficient manner, and it is in the parties' and the Court's interest as it will allow for the orderly administration of a trial and any pretrial litigation concerning the charges contained in the Superseding Indictment.

The Government has moved expeditiously with its investigation to date and will continue to do so. The Government first opened a criminal investigation in August 2025. Its decision to charge the defendant by complaint and seek a warrant for her arrest at the end of November was

based on the timing of the defendant's reentry into the United States. The defendant is a non-citizen, and the Government had a concern that, because of her immigration status, another opportunity to obtain her arrest within the United States may not have occurred. Following her arrest, the defendant declined through counsel to consent to an extension of the 21-day deadline to indict, and accordingly, the Government sought and obtained the instant one-count Indictment, even as its investigation continued. The anticipated Superseding Indictment involves complex facts regarding the defendant's scheme to defraud Kalder investors, *see* 18 U.S.C. § 3161(h)(7)(B)(iii) (providing for a continuance where arrest precedes indictment where the facts upon which the grand jury must base its determination are unusual or complex), and, as discussed at the January 6 conference, the Government's investigation has revealed additional fraudulent conduct by the defendant.

*Second*, Kalder's failure to timely comply with the Government's grand jury subpoena justifies an exclusion of time in the interests of justice and to ensure the Government can effectively prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The Government first served Kalder with a grand jury subpoena, prior to the return of the Indictment, on November 29, 2025. That subpoena required the production of materials by December 15, 2025. Notably the company did not produce any communications—despite the defendant's access to them—during the period between the defendant's arrest on a complaint and her indictment. To date, Kalder has yet to fully comply with the subpoena, and many plainly relevant categories of materials, including recordings of meetings with customers, employees and investors, remain outstanding. Kalder has yet to provide the Government with a timeline on when they will produce these recordings—materials that are likely to be highly probative of the allegations in the Indictment. Given this, and considering that the defendant has had access to these same materials for months because the defendant controls Kalder, it is in the interests of justice to exclude time under the Speedy Trial Act to permit the Government to obtain these materials before trial, and if necessary, to move to compel their production.

*Third*, the translation and privilege issues in this case further justify an exclusion of time in the interests of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). As noted, many of the documents in this case are in Turkish, the defendant's native language. The Government has engaged an outside firm to translate these materials into English but that process is not yet completed. In addition, Kalder has made broad privilege assertions over certain categories of documents and, as a result, the prosecution team has been walled off from a significant volume of materials obtained via search warrants. The Government has conferred with counsel for Kalder on a review protocol for these materials, but that process will take time to complete. Counsel for Kalder has not committed to a particular turnaround time for its privilege review, and, indeed, has signaled an interest in learning the Government's priorities for review, which, while helpful, suggests that counsel anticipates the review will be an ongoing and time-consuming process. Moreover, to the extent there are disputes about the company's privilege assertions, that may require motion practice and the Court's intervention, introducing further delay. These delays, many of which are beyond the Government's control, and may be exacerbated by Kalder's involvement in this process, provide a further basis to exclude time under the Speedy Trial Act in the interests of justice.

*Fourth*, a continuance until at least June 15, 2026, would promote continuity of Government counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). As noted, Government counsel has a

prescheduled trial before Judge Rakoff beginning on April 6, 2026. A trial in this case in late February or early March would fall during the same period of time that counsel would be preparing for her other trial. This conflict provides yet another basis to exclude time under the Speedy Trial Act. *See United States v. Jones*, 847 F. App'x 28, 31 (2d Cir. 2021) (citing § 3161(h)(7)(B)(iv) and affirming district court's exclusion of time in light of "unavailability of the prosecutor when granting the continuance").

*Fifth*, apart from any discretionary exclusions under § 3161(h)(7)(A), the Government anticipates filing motions in advance of trial which are likely to stop the Speedy Trial clock. *See* 18 U.S.C. § 3161(h)(1)(D). Specifically, the Government intends to file motions *in limine* seeking certain evidentiary rulings for trial, which are pretrial motions for the purpose of the Act. *See United States v. Akhavan*, 523 F. Supp. 3d 443, 450 (S.D.N.Y. 2021), *aff'd sub nom. United States v. Patterson*, No. 21-1678-CR, 2022 WL 17825627 (2d Cir. Dec. 21, 2022); *United States v. Adams*, 36 F.4th 137, 151 (3d Cir. 2022). Moreover, as previously indicated, the Government anticipates that litigation over Kalder's subpoena compliance is likely. And the Government is also contemplating litigation over Kalder's privilege assertions, including waiver and crime-fraud motions. A trial on the schedule proposed by the defendant fails to account for the motion practice that is likely to arise in this case.[1]

*Sixth*, the Government's pending MLAT request provides an independent basis for the Court to exclude time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(8). The Government served a request on Brazil to obtain records from two soccer clubs, which the defendant falsely represented to investors were paying monthly revenue fees to Kalder. Based on the location of these sports teams, the Government believes that the requested business records will be located in Brazil. Accordingly, the Court can find by a preponderance of the evidence that the Government made an "official request," here pursuant to an MLAT, for evidence of an offense, i.e., securities and wire fraud, that it reasonably appears is located in a foreign country.

*Finally*, the Government notes that while the Speedy Trial Act protects the interests of the public and the defendant in a speedy trial, it also protects the interests of both parties, including the defendant, to enjoy reasonable time necessary for effective preparation. This case is complex enough to warrant more than a month's preparation, and the coming months are likely to present additional issues of law and fact beyond those identified so far. The continuance the Government seeks of only a few months adequately balances those concerns and ensures that not only will the Government have time to conclude its investigation, receive previously withheld documents, obtain translations and extra-territorial evidence, carefully and properly address privilege assertions, including potential privilege litigation, and adequately prepare for trial with continuity of counsel, it will afford the defendant reasonable and adequate time for effective preparation. The exclusion of time is thus in the interests of justice and the defendant in this case.

---

[1] The defendant indicated at the January 6 conference she did not intend to file pretrial motions challenging the search warrants but was silent on the issue of motions *in limine*. (Jan. 6, 2026 Tr. 14-15). Even if the defendant had expressly represented that she does not intend to file motions *in limine*—which she did not—such a representation at this stage of the case would be premature, as discovery is not yet complete, much less the production of Government trial exhibits.

\* \* \*

For the reasons set forth above, the Government respectfully requests that the Court exclude time under the Speedy Trial Act until at least June 15, 2026.

                        Respectfully submitted,

                        JAY CLAYTON
                        United States Attorney

By: _____
       Allison C. Nichols
       Alexandra N. Rothman
       Assistant United States Attorneys
       (212) 637-2366/-2580

cc: Defense Counsel (by ECF)