

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 14, 2026

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *United States v. Gökçe Güven*, 25 Cr. 592 (LAK)

Dear Judge Kaplan:

The Government respectfully submits this letter in response to the January 12, 2026, filings by the defendant and Kalder Inc. ("Kalder"). While the defense offers vague assurances that Kalder's discovery productions "should be completed shortly," Dkt. 22, 22-1, those claims are belied by the reality of Kalder's conduct. Kalder has continued to wield potential claims of privilege as tools of delay and has outlined a plan to respond to the subpoenas in a way that would render its productions unavailable to the grand jury before the anticipated superseding Indictment (and likely unavailable prior to a March trial). Because the defendant controls Kalder, and enjoys unfettered access to those same materials, Kalder's delay gives her the opportunity to pursue trial at a time when she has asymmetric access to evidence the Government has lawfully sought. The Speedy Trial Act does not empower defendants to evade subpoena compliance or use their corporate alter-egos to withhold evidence to their benefit, but it does permit the Court to set trial dates that would be fair to all parties. Under the circumstances, the Court should set a trial date in June 2026.

Kalder's proposal to produce the company's Google platform emails and documents "in bulk," Dkt. 22 at 4, 22-1 at 5-6, without review but also without purporting to waive privilege, is not an act of cooperation, but a strategic effort to outsource its subpoena compliance to the Government. By insisting on producing a massive, unreviewed corpus while reserving all privilege claims, Kalder seeks to conscript a filter attorney at the U.S. Attorney's Office into performing the company's responsiveness and privilege review. Contrary to the suggestion in Kalder's counsel's letter, the Government did not and cannot agree to bear this expense for Kalder, particularly if trial is to commence shortly.[1] And the proposal is functionally unworkable; the Government prosecution team would not have access to *any* of the Google materials as they are reviewed by a filter team, effectively making them unusable for trial in February or March. In other words, by

---

[1] Kalder has not yet even provided the Government with the volume of unproduced materials on its Google platforms, so the Government cannot estimate how long a review would take.

producing "in bulk"—rather than producing non-privileged responsive materials—Kalder would impose an additional hurdle on the Government that will delay the prosecution team's access, even while Güven's counsel continues to enjoy unfettered access to relevant documents.

The strategic nature of this approach is further confirmed by Kalder's recent refusal to even accept a batch of potentially privileged materials for their review while simultaneously refusing to consent to a Government filter-attorney review. A week ago, the Government informed the Court that the Government had a batch of potentially privileged search warrant returns ready to be produced to outside counsel for their privilege review early this week. The Government had previewed the same for outside counsel in late-December 2025, and then told outside counsel on Friday, January 9, 2026, that these documents were ready to be produced. To date, outside counsel has been unwilling to accept these materials, citing the expense of hosting the material on a review platform. At the same time, outside counsel has been unwilling to consent to the Government's filter attorney's making privilege determinations concerning these materials. These materials continue to sit locked away from the Government attorneys.

The gambit here is apparent: the defendant is demanding an immediate trial while her company erects roadblocks and introduces delay that will prevent review and use of the records by the grand jury prior to a superseding Indictment and by the Government prior to a March trial. While the Government prosecution team, with the assistance of a filter attorney, is willing to discuss commonsense solutions to facilitate Kalder's compliance with the outstanding subpoena—including involving the Government filter team in a limited review of potentially privileged responsive materials on a reasonable timeline—Kalder's proposal is entirely unworkable and fails to achieve the basic goal of putting the records before the grand jury or making them available for trial.

The defendant asserts that the record does not support the Government's assertion that there is no daylight between the defendant and the company. Dkt. 22 at 4. This claim is specious. She is the CEO, the majority owner, and the sole "board member" of the company; the defendant is Kalder. The point is worth noting because at the same time Kalder's counsel claims that it lacks resources to timely complete a review of corporate documents responsive to an outstanding subpoena, the defendant employs no fewer than three renowned law firms for her criminal defense. Kalder and the defendant plainly have access to the attorney resources necessarily to comply with the outstanding subpoenas. The defendant's preference to allocate her and her company's resources to her personal defense, while understandable, does not excuse her company's obligations and does not entitle her to outsource the company's work to the Government.

      The Government does not seek to deny the defendant a speedy trial. But the Government does seek to have an opportunity to try the case with evidence the defendant is obliged to produce (but currently withholds) and at a time when the defendant's assertions of privilege can be respected and resolved. As there is every reason to expect that Kalder's—and, therefore, the defendant's—delays will continue as the parties work through the voluminous documents, the Court should set trial for June 15, 2026 or later. Neither fairness nor the Speedy Trial Act require an earlier date.

                                    Respectfully submitted,

                                    JAY CLAYTON
                                  United States Attorney

                        By: _____
                                  Allison C. Nichols
                                  Alexandra N. Rothman
                                  Assistant United States Attorneys
                                  (212) 637-2366/-2580

cc: Defense Counsel (by ECF)