SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-2426
DIRECT FAX
(917) 777-2426
EMAIL ADDRESS
ANDREA.GRISWOLD@SKADDEN.COM

January 17, 2026

**By ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Gökçe Güven*, 25 Cr. 592 (LAK)

Dear Judge Kaplan:

      Yesterday, Ms. Güven learned that the Government filed a motion *ex parte* and under seal attempting to abrogate the attorney-client privilege over information that certainly implicates Ms. Güven's conduct and that of her company. Given the Government's assertion that "[Ms. Güven] is Kalder," (Dkt. 24 at 2), it is perplexing that the Government did not provide notice of this motion to her personal counsel, who only learned of it based on the Court's January 15 order (Dkt. 27). The Government's approach is even more surprising given that it informed company counsel yesterday afternoon that it takes no position on whether they may share the motion with Ms. Güven or the undersigned.

      In light of the Government's position, the defense writes to request that the Court strike the *ex parte* designation and confirm that undersigned counsel may review the motion. Because *ex parte* submissions deprive one party to the proceeding of a full opportunity to be heard on an issue, they "create a heightened risk of error," *Kaley v. United States*, 571 U.S. 320, 355 (2014) (Roberts, C.J., dissenting), and thus "should only be used where a compelling interest exists," *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1075 (D.C. Cir. 1998).

      There is no basis to proceed *ex parte* here. This is not a case where the Government's ongoing investigation, or the nature of it, is any secret. The Government would be hard pressed to argue that sharing information about its motion would jeopardize its investigation, when it has stated in open court what conduct it is continuing to investigate. (Jan. 6, 2026 Tr. at 6:1-7:11).

Moreover, as noted, when company counsel inquired whether the Government objected to their sharing the motion with Ms. Güven or undersigned counsel, the Government stated it took no position.

While the Government has painted the defendant as erecting roadblocks to delay the Government's collection of evidence, that claim is belied by facts known to the Government. Specifically, the Government has suggested that Ms. Güven is exercising a "preference to allocate her and her company's resources to her personal defense" and "outsource the company's work to the Government." (Dkt. 24 at 2). But as the Government well knows, no company resources are currently being directed to her personal defense. The Government seized almost all of Kalder's assets and denied a request to release funds so that the company could satisfy its statutory and contractual obligation to advance funds to support her personal defense.[1] As relayed in company counsel's letter, attached as Exhibit A here, the company's efforts more than suffice, and the Government must carry its own burden to make use of the evidence it receives. *See, e.g.*, *In re Grand Jury Subpoena Duces Tecum Issued to Southern Motor Carriers Rate Conference, Inc.*, 405 F. Supp. 1192, 1198–1200 (N.D. Ga. 1975) (finding compliance "virtually impossible" where entity had only $9,634 in funds but faced over $900,000 in compliance costs, and therefore requiring the Government to either advance costs or provide personnel and equipment).

Accordingly, Ms. Güven requests that the Court strike the *ex parte* designation and confirm that undersigned counsel may review the motion.

Respectfully submitted,

/s/ Andrea Griswold

Andrea Griswold, *Skadden, Arps, Slate, Meagher & Flom LLP*
Scott Hartman, *Quinn Emanuel Urquhart & Sullivan, LLP*
Danielle Sassoon, *Clement & Murphy, PLLC*

cc:   Alexandra Rothman
      Allison Nichols
           Assistant United States Attorneys (by ECF)

---

[1] After extensive advocacy by company counsel, the Government did release slightly over $64,000 that the Government initially froze but later conceded it could not trace to the offense. But the Government's suggestion that these funds could be used to pay for counsel is misleading. In order to be persuaded to release these funds the Government demanded detailed information about the company's non-legal expenses and learned through that process that the company's payroll obligations alone exceeded $100,000 per month.