UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        -against-

GÖKÇE GÜVEN,

                           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

25-cr-0592 (LAK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/20/2026

**MEMORANDUM OPINION**

        Appearances:

                Alexandra N. Rothman
                Allison C. Nichols
                Assistant United States Attorneys
                JAY CLAYTON
                UNITED STATES ATTORNEY

                Andrea Griswold
                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                Danielle Renee Sassoon
                CLEMENT & MURPHY, PLLC

                Scott Hartman
                QUINN EMANUEL URQUHART & SULLIVAN, LLP

                *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge*.

        Following a three-month investigation, the government, on November 27, 2025,

arrested defendant – a Turkish national living and working in New York – as she returned to the

country.  Until her arrest, she was unaware of the investigation of her and her fintech startup, Kalder,

2

Inc. ("Kalder"). Three weeks later, the government obtained an indictment charging defendant with one count of wire fraud. The indictment alleges that defendant conducted a multiyear scheme to defraud investors in Kalder of approximately $7 million by misrepresenting Kalder's revenue and business partnerships.

Defendant has pleaded not guilty and been released on bail, but she nonetheless seeks a prompt trial. The government, in contrast, seeks a trial date of June 15, 2026, or later. It argues that the interests of justice are best served by affording the government that time to complete its investigation and prepare to try this case. Accordingly, the government moves to exclude the period from disposition of this motion to at least June 15, 2026, under the Speedy Trial Act, 18 U.S.C. § 3161.

### *Facts*

*Defendant's Company*

Defendant is the founder, majority owner, and chief executive officer of Kalder.[1] Kalder is a fintech company in the customer-loyalty space that creates rewards systems for other businesses, enabling them to give their customers brand credits through customers' everyday purchases.[2] Kalder is a small company in which defendant is the sole board member and chief

---

[1]    Indictment (Dkt 6) ¶ 1; Gov't's Reply Supp. Mot. Exclude Time (Dkt 24) at 2.

[2]    Indictment (Dkt 6) ¶ 1; Jan. 5, 2026 Def.'s Letter (Dkt 16) at 1.

3

executive, overseeing only a few employees.[3] Kalder nonetheless has raised approximately $7 from about a dozen investors through a seed-stage investment round in 2024.[4]

*Allegations of Fraud, Arrest, & Indictment*

      In the late spring of 2025, allegations of misconduct were brought to the attention of Kalder's board, which then consisted of defendant and an investor in Kalder.[5]  Those allegations eventually led the government to open a criminal investigation of defendant in August.[6]

      In late November, the government ultimately charged defendant by complaint and arrested her upon her arrival in the United States back from Turkey.[7]  Defendant was arraigned two days later and released on a bond of $10 million after pleading not guilty.[8]  That same day, on November 29, 2025, the grand jury issued a subpoena to Kalder, which required production of materials by December 15, 2025.[9]  The subpoena contained nineteen requests for documents, records, and communications, relating to Kalder's personnel and business, from January 1, 2022,

---

[3]       Jan. 5, 2026 Def.'s Letter (Dkt 16) at 2.

[4]       *Id.* at 1-2; Jan. 6, 2026 Conf. Tr. (Dkt 25) at 3:6-8.

[5]       Jan. 6, 2026 Conf. Tr. (Dkt 25) at 3:9-12.

[6]       Gov't's Mot. Exclude Time (Dkt 20) at 4.

[7]       Jan. 6, 2026 Conf. Tr. (Dkt 25) at 5:11-13.

[8]       Jan. 5, 2026 Def.'s Letter (Dkt 16) at 1; Nov. 29, 2025 Conf. Tr. at 12:14-16.

[9]       Gov't's Mot. Exclude Time (Dkt 20) at 5.

4

through the present, as well as an internal investigation conducted by the investor who previously sat on Kalder's board with defendant.[10]

On December 18, 2025, defendant was indicted on one count of wire fraud.[11]  The government alleges that defendant defrauded investors in Kalder of approximately $7 million by materially misrepresenting the amount of revenue Kalder was generating and the number and identity of its clients.[12]  Defendant was arraigned and pleaded not guilty.[13]

*Prior Proceedings*

The parties first appeared before this Court on January 6, 2026, for a pretrial conference.  There, defendant asserted her rights under the Speedy Trial Act and requested a trial within seventy days of the indictment, at the end of February or in early March.   Defendant represented also that she did not intend to make any pretrial motions.[14]  The government, also during the pretrial conference, represented that it intended to bring a superseding indictment with expanded charges by the end of this month and that it would seek exclusion of time under the Speedy Trial Act.  The Court therefore excluded time from the government's filing of its motion on January 8,

---

[10]

    Def.'s Opp'n Mot. Exclude Time, Ex. A (Dkt 22-1) at 3; Jan. 6, 2026 Conf. Tr. (Dkt 25) at 4:8-19.

[11]

    Jan. 5, 2026 Def.'s Letter (Dkt 16) at 1.

[12]

    Indictment (Dkt 6) ¶ 1.

[13]

    Jan. 6, 2026 Conf. Tr. (Dkt 25) at 5:23-25.

[14]

    The Court accordingly set a deadline of January 16, 2026, for defendant to submit any pretrial motions under Rule 12.  Defendant made no such motions by that date, so any future challenges to the pending indictment will be untimely.

5

2026, until the earlier of (a) the Court disposing of the motion or (b) thirty days after defendant filed

her opposition.

*The Motion*

The government identifies seven allegedly independent bases to exclude time until

at least June 15, 2026.  First, the government argues that exclusion is necessary due to the

complexity of the case, the ongoing investigation of defendant, and the imminency of a superseding

indictment.  Second, it claims that Kalder's lack of compliance with an outstanding grand jury

subpoena – at least in part due to its assertions of privilege[15] – is within defendant's control and that

any delay caused in the government's investigation and trial preparation therefore should not be held

against it.[16]  Third, the government notes the likelihood of delays associated with litigating Kalder's

privilege assertions and submits that those delays should be excluded.  Fourth, the government

suggests that there also are likely to be motions *in limine* and that the time associated with resolving

them similarly should be excluded.  Fifth, the government seeks exclusion because one of the

government's counsel has another trial scheduled for April 2026.  Sixth, the government asserts that

---

[15]     The government's motion for a finding that Kalder waived privilege or, in the alternative, that the crime-fraud exception applies to communications concerning a purported internal investigation now is being briefed.

[16]     Since the government filed this motion, the grand jury, on January 9, 2026, issued a second subpoena to Kalder.  Gov't Mot. Kalder Waived Privilege at 2.  It calls for "communications, documents gathered, and interview notes and memoranda from" Kalder's internal investigation.  *Id.*  Because the government does not assert in this motion that Kalder has failed to comply with that second subpoena, the Court's discussion here of how the ongoing investigation affects exclusion of time is limited to the November 29, 2025 subpoena.

a pending MLAT request for evidence in Brazil warrants exclusion.  And seventh, the government notes that exclusion would give both parties reasonable time necessary for effective trial preparation.

*The Opposition*

Defendant objects to each ground for exclusion.   In defendant's view, a case involving "a single wire fraud count for an alleged scheme that lasted less than two years," is simple and does not warrant exclusion.[17]  To the extent the government requires more time to obtain and review discovery or seek a superseding indictment, defendant places the blame on the government's "strategic choice" to arrest defendant before completing its investigation.[18]  Defendant faults also the government's "unrealistic" expectation that a small company like Kalder, with its lack of available resources, could respond quickly to a subpoena as broad as the grand jury issued.[19]  With respect to government counsel's scheduling conflict, defendant suggests that it would be "routine[]" to "substitute[]" prosecutors to prevent delay.[20]  Defendant rejects also that the MLAT request or likely motions *in limine* can serve as a basis for exclusion.  Finally, defendant contends that she "is severely burdened by the pending charges and will be prejudiced by further delay.  She [clarifies that she] wishes to clear her name and move forward with her life."[21]

---

[17]     Def.'s Opp'n Mot. Exclude Time (Dkt 22) at 1.

[18]     *Id.* at 2-3.

[19]     *Id.* at 3-4.

[20]     *Id.* at 5.

[21]     *Id.* at 6.

7

***Discussion***

In relevant part, the Speedy Trial Act mandates that, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment."[22]  If that were all the Act said, defendant no doubt would have the right to a trial in late February or early March.  But the Act specifies numerous "periods of delay" that "shall be excluded . . . in computing the time within which the trial of any such offense must commence."[23] The Court briefly will describe the excluded periods that are relevant here before addressing the arguments in favor of and opposing exclusion.

*Relevant Excluded Periods*

Under the Speedy Trial Act, some periods of delay are excluded automatically. These include "delay resulting from any pretrial motion, from the filing of the motion through . . . prompt disposition of[] such motion"[24] as well as "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."[25]  To exclude time, the filing of a pretrial motion need not cause actual

---

[22]    18 U.S.C. § 3161(c)(1).

[23]    *Id.* § 3161(h).

[24]    *Id.* § 3161(h)(1)(D).

[25]    *Id.* § 3161(h)(1)(H).

delay in starting trial.[26]  Nevertheless, exclusion under that provision is capped at the earlier of (a)

disposition of the motion, and (b) thirty days after the court receives "the briefs and materials" it

needs to resolve the motion.[27]  Additionally, up to one year may be excluded "upon an application

of a party and a finding by a preponderance of the evidence" that a request under a treaty, such as

an MLAT, "has been made for evidence of any such offense and that it reasonably appears . . . that

such evidence is . . . in such foreign country."[28]

        Other periods of delay may be excluded on a case-by-case basis if doing so would

"outweigh the best interest of the public and the defendant in a speedy trial" and thus serve "the ends

of justice."[29]  To exclude time under this provision, the court must consider, among other factors,

the practical requirements of the case so as to avoid "a miscarriage of justice,"[30] the "unusual" nature

or "complex[ity]" of the case,[31] and the "reasonable time necessary for effective preparation, taking

into account the exercise of due diligence."[32]

        In sum, although the Speedy Trial Act reflects the fact that both the public and

defendant have a strong interest in a trial within seventy days of indictment, those interests are far

---

[26]     *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011).

[27]     *See Henderson v. United States*, 476 U.S. 321, 329, 331 (1986).

[28]     18 U.S.C. § 3161(h)(8).

[29]     *Id.* § 3161(h)(7)(A).

[30]     *Id.* § 3161(h)(7)(B)(i).

[31]     *Id.* § 3161(h)(7)(B)(ii).

[32]     *Id.* § 3161(h)(7)(B)(iv).

from absolute. The Act instead recognizes that the ends of justice are served by balancing "the swift administration of justice"[33] with ensuring an efficient, orderly, and, above all else, fair trial.[34]

*Excluding Time Here*

   Although there are weighty interests on both sides of the argument in terms of when to schedule trial in this case, the question of whether to exclude time under the Speedy Trial Act is not a difficult one. The ends of justice would be served best by excluding enough time to ensure a fair trial in which defendant is tried on all her charged criminal conduct and before which both parties have adequate time to prepare.

   This case is complex enough that it would be "unreasonable to expect adequate preparation for" trial within seventy days of indictment.[35] Though defendant currently is charged with only one count of wire fraud, that charge relates to an alleged financial fraud of approximately $7 million stemming from alleged misrepresentations to many investors about revenue and business relationships. Discovery already is voluminous – involving "over 750,000 documents and more than 1.5 terabytes of data"[36] – and it is ongoing. Trial preparation no doubt will involve preparing and coordinating numerous witnesses located across the country, if not the world.

---

[33]
   *Bloate v. United States*, 559 U.S. 196, 211 (2010).

[34]
   *United States v. Roman*, 822 F.2d 261, 266 (2d Cir. 1987); *United States v. Adams*, 36 F.4th 137, 140-41 (3d Cir. 2022); *see United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995); *United States v. Asubonteng*, 895 F.2d 424, 427 (7th Cir. 1990).

[35]
   *See* 18 U.S.C. § 3161(h)(7)(B)(ii); *Gambino*, 59 F.3d at 357 ("The court is vested with broad discretion to grant this exclusion when in its view the case's complexity makes it necessary to grant counsel further time to prepare in order to ensure a fair trial.").

[36]
   Gov't's Mot. Exclude Time (Dkt 20) at 4.

Additionally, this case likely will become more complex as the government intends to seek a superseding indictment by the end of January.  The government has stated that the superseding indictment will add at least charges of "securities fraud, visa fraud, and aggravated identity theft offenses."[37]  It is not, as defendant suggests, that merely preparing for a superseding indictment tolls the speedy trial clock.  Rather, it is the promise of a superseding indictment containing additional and equally complex charges, all of which will require more discovery and perhaps more witnesses, that indicates that this case, taken as a whole, is sufficiently complex to warrant exclusion of time.[38]  That determination would hold true even if this case were compared to some of the massive and sprawling fraud cases previously brought in this district.  There can be no suggestion that this district's most complex cases were intended to serve as a baseline against which cases would be compared to qualify for the Speedy Trial Act's exclusion of time for particularly unusual or complex cases.

Even assuming *arguendo* that this case, "taken as a whole, [were] not so . . . complex as to" warrant exclusion on that basis alone, the Court nevertheless would find that exclusion of time is "necessary for effective preparation."[39]  This in part is because the government so far has been unable to obtain full compliance with its outstanding subpoena to Kalder.  The government

---

[37]
    *Id.*

[38]
    *See United States v. Golomb*, 754 F.2d 86, 88 (2d Cir. 1985) ("The District Court properly concluded that a brief period of time was excludable in the interests of justice because of the need to complete ongoing grand jury investigations that were unraveling Golomb's complex transactions.").

[39]
    *See* 18 U.S.C. § 3161(h)(7)(B)(iv); *see United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985) ("The Act itself places broad discretion in the District Court to grant a continuance when necessary to allow further preparation.").

11

presumably is entitled to at a minimum all non-privileged responsive information in Kalder's possession.  But Kalder, citing its small size, supposed lack of available funds, and the "large swaths of data sought by the Government," claims that it cannot review all of its "Google platform emails and documents" itself and seeks to hand off the preliminary review to the government's filter-review team.[40]  Unsurprisingly, defendant agrees with Kalder – which she controls – which contends that the discovery in this case is so voluminous that it would take a company like Kalder "several months or more" to respond to the subpoena.[41]  Kalder, according to the government, furthermore refuses to conduct even a secondary review of potentially privileged materials flagged by the government's filter-review team, resulting in such materials being held in limbo and inaccessible to the government.  Kalder rejects that its actions should be characterized as "refusal," and instead describes the situation as one of resource constraints.  According to Kalder, "the reality is that the Government's own seizure of substantially all of Kalder's assets has left the Company without the financial means to carry out the review the Government demands."[42]

In defendant's view, these issues are "the direct result of the Government's strategic choice[]" to "charge first, investigate later."[43]  Defendant suggests that "[i]t is apparent that the Government seized an opportunity to arrest [defendant] at a time when she would be in possession

---

[40]     Def.'s Opp'n Mot. Exclude Time, Ex. A (Dkt 22-1) at 6.

[41]     Def.'s Opp'n Mot. Exclude Time (Dkt 22) at 3-4.

[42]     Jan. 17, 2026 Def.'s Am. Letter, Ex. A (Dkt 31-1) at 1.

[43]     Def.'s Opp'n Mot. Exclude Time (Dkt 22) at 2-3.

of her electronic devices."[44]  It is not at all clear, however, that the government sought, as defendant contends, a strategic advantage in arresting defendant when it did.  Defendant admittedly knew nothing of the criminal investigation before her arrest.  The government reasonably could have been concerned that defendant, as a non-citizen, would have fled the country were she to have found out about the investigation.  And that concern could have grown as the investigation progressed.  The government's decision to arrest defendant when it did could have been a result of that concern rather than as a shortcut to obtaining defendant's devices, which the government in any event likely would have obtained at or after defendant's arrest.

Regardless, defendant cannot have it both ways with respect to these discovery issues.  On the one hand, defendant argues that this case is simple with a "universe of discovery [that] is not only unremarkable, but . . . also small in scale,"[45] while on the other hand claiming that the discovery burdens on Kalder, including resolution of issues of privilege, make the scope and deadline of the subpoena unreasonable.  Additionally, defendant controls Kalder.  Its decision of when and how to comply with the outstanding subpoena is essentially her decision.  Its privilege claims by and large are her privilege claims.  Defendant personally has retained three prominent, accomplished, and able law firms to represent her in her individual capacity in this case.  That of course is her right, and she is not faulted for it.  But the point remains that she appears able to marshal significant resources.  To the extent any delay in discovery is attributable to Kalder, that delay is attributable also to defendant.  At this early stage in the case when discovery is ongoing, it does not serve the ends of justice to fault the government and run the speedy trial clock.

---

[44]     *Id.* at 2.

[45]     *Id.* at 1.

If the foregoing reasons were not enough to warrant excluding time, the government's proffer that it has outstanding at least one MLAT request for business records from two Brazilian soccer clubs that defendant allegedly held out as Kalder clients would be sufficient to exclude any period of delay up to one year.[46]  This alone would provide a legitimate ground to grant the government's request.[47]

The Court therefore grants the government's motion.  Trial hopefully need not be delayed until the last moment on the speedy trial clock.  The investigation and charge hanging over defendant and her company are clouds that should be dissipated – if they are to be dissipated at all – as soon as possible.  But defendant's interest in a speedy trial is not the only relevant consideration.  Defendant is charged with a serious crime and, by the end of the month, likely will be charged with more of them.  The Court finds that the ends of justice served by excluding time from today to and including June 15, 2026, outweigh the interests of the public and defendant in a speedy trial.  Trial hereby is set to begin on June 15, 2026, at 9:30 a.m.

---

[46]     See 18 U.S.C. § 3161(h)(8); *United States v. Kozeny*, 541 F.3d 166, 175 (2d Cir. 2008); *United States v. Davis*, 767 F.2d 1025, 1039 n.26 (2d Cir. 1985); *United States v. Fahnbulleh*, 752 F.3d 470, 475 (D.C. Cir. 2014) (Section 3161(h)(8) "sets out only two requirements: (1) that a request for foreign evidence be made; and (2) that it reasonably appears that the evidence is in the foreign country.").

[47]     Because the Court finds ample grounds to grant the government's motion, it need not, and does not, evaluate the government's remaining arguments that anticipated pretrial motion practice, government counsel's schedule, and the interests of defendant independently warrant exclusion of time.

### *Conclusion*

For the foregoing reasons, the government's motion to exclude the period from today to and including at least June 15, 2026, under the Speedy Trial Act (Dkt 20) is granted. This ruling is without prejudice to any application to extend the exclusion and postpone the trial in the event that should prove appropriate.

SO ORDERED.

Dated: January 20, 2026

_____
Lewis A. Kaplan
United States District Judge