

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 22, 2026

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *United States v. Gökçe Güven*, 25 Cr. 592 (LAK)

Dear Judge Kaplan:

  The Government respectfully writes in opposition to defendant Gökçe Güven's letter of January 17, 2026 requesting the Court strike the *ex parte* designation from the Government's motion to compel a non-party company's (the "Company") compliance with grand jury subpoenas (the "Motion"). (Dkt. 31).[1] Güven is not a party to the Motion and therefore may not seek any relief with respect to the Motion. But were the Court to reach the merits of Güven's request, her application to receive the *ex parte* materials submitted with the Motion should be denied.

  By way of background, on January 14, 2026, the Government submitted motion papers electronically with the Court that were filed *ex parte* and under seal. Simultaneously, the Government served a copy of the sealed papers on counsel to the Company, which is the party to that litigation. The sealed papers contained redactions reflecting the portions of the Motion and its accompanying declaration and exhibits that the Government submitted *ex parte*. As is evident from the sealed papers served on Company counsel, the *ex parte* portions of the Motion and accompanying materials were minimal. The Government submitted *ex parte* a single paragraph of its 25-page motion and five supporting exhibits. And, the declaration to which the exhibits were attached identified the general nature of the *ex parte* exhibits. (Rothman Decl. ¶¶ 2, 5, 9, 14, 15). The Government provided the following rationale for filing its Motion *ex parte* and under seal:

   An *ex parte* submission is "appropriate where, as here, it [i]s necessary in order to protect grand jury secrecy." *SEC v. Beacon Hill Asset Mgmt. LLC*, No. 02 Civ. 8855 (LAK), 2004 WL 367673, at *1 (S.D.N.Y. Feb. 25, 2004) (citing *In re Doe*, 711 F.2d 1187, 1194 (2d Cir. 1983); *SEC v. Downe*, No. 92 Civ. 4092 (PKL), 1993 WL

---

[1] The evening before, Güven had filed a similar letter requesting the Motion "be unsealed." (Dkt. 30 at 2). Because Güven has styled her January 17, 2026 letter as an "amended" filing and the amended filing does not include similar unsealing request, the Government assumes that Güven no longer seeks to have the Government's motion unsealed and filed on the public docket.

22126, at *11 n.7 (S.D.N.Y. Jan. 25, 1993)); *see also United States v. Cojab*, 996 F.2d 1404, 1408 (2d Cir. 1993) ("Were some matters to become public, the Supreme Court instructs, prospective witnesses may refuse to testify, they may testify less truthfully, or the target of a grand jury investigation may disappear." (citations omitted)). In addition to the need to maintain the secrecy of grand jury proceedings, certain details are being filed *ex parte* and under seal to avoid revealing the scope of an ongoing investigation, which could result in the destruction of evidence, flight from prosecution, or otherwise jeopardize the investigation. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (presumption of open records overcome by countervailing law enforcement concerns).

(Mot. 3 n.2).

On January 15, 2026, the Court ordered the Government to recaption its motion with the caption of this criminal matter. (Dkt. 27). The Court made clear that it was not, by that Order, ruling, one way or the other, as to whether the defendant has standing to oppose the sealed motion, nor was it making the Company a party to the criminal case. (*Id.*). The Court further ordered any papers in opposition to the Motion to be filed by January 22, 2026, with the Government's reply due by January 26. (*Id.*)

Güven first complains about a lack of notice concerning the sealed papers, but it is not apparent that she seeks any relief. The Government's understanding is that Güven and Güven's criminal counsel has a copy of the sealed papers.[2]

Güven next argues that the *ex parte* portions of the Motion should be unsealed. Güven argues there can be no prejudice to the Government's ongoing investigation given that the Government has already outlined publicly the nature of the conduct it is continuing to investigate. (Dkt. 31 at 1). While it is true that the Government has outlined the general nature of the grand jury's ongoing investigation and even previewed some of the particular charges that may result from that investigation, that does not mean that Güven is entitled to all the details of a pending investigation. The limited redactions in the Motion concern specific details related to the Government's ongoing investigation that have not yet been made public, including the identity of a potential trial witness. The Company cannot demonstrate prejudice from this one-paragraph redaction, as it has sufficient information about the Government's argument in order to respond. The Government's unredacted topic sentence to the paragraph indicates the Government's position that evidence shows that Güven's fraud was ongoing before and after the "internal investigation."

---

[2] As previously noted, the Government served a copy of its papers on Company counsel, as the party to the litigation, simultaneously with its submission to the Court. The following day (and *before* the filing of the Court's Order on the criminal docket), counsel for the Company wrote the Government indicating his intention to share the sealed papers with his client, i.e., the Company, and seeking the Government's position on whether the sealed papers could be shared with Güven's criminal counsel. The Government indicated by email that it took no position on whether Company counsel shared the papers with criminal counsel. With that, the Government understood that Company counsel intended to and did transmit the sealed papers to Güven's criminal counsel.

(Mot. 23). Similarly, the paragraphs immediately preceding and following the redacted paragraph make clear that the redacted information is in a similar vein to the surrounding unredacted information, to which the Company may therefore respond.

Likewise, the submission of five exhibits on an *ex parte* basis reflects a careful balancing of the Company's need to understand the Government's arguments in order to respond with the Government's and the public's interest in ongoing grand jury secrecy. The Government summarized, unredacted, the factual portions of the *ex parte* exhibits upon which it was relying in its sealed papers but submitted the full exhibits for the Court's consideration *ex parte*. It is entirely appropriate for the Court to receive an *ex parte* submission where necessary to protect grand jury secrecy, particularly where, as here, the opposing party has sufficient information to understand the basis for the Government's motion. *See SEC v. Beacon Hill Asset Mgmt. LLC*, No. 02 Civ. 8855 (LAK), 2004 WL 367673, at *1 (S.D.N.Y. Feb. 25, 2004) (allowing government to rely in part on *ex parte* submission in support of a motion to stay discover, even over defendant's objection); *see also In re Grand Jury Subpoenas Dated Sept. 13, 2023*, 128 F.4th 127, 135–36 (2d Cir. 2025) (noting, without apparent concern, that the "district court permitted the government to file its [crime-fraud] motion under seal and to file certain exhibits *in camera* and *ex parte*"); *SEC v. Straightpath Venture Partners, LLC, et al.*, 22 Civ. 3897 (LAK) (Dkt. Nos. 101, 102, 148) (granting the Government's motion to intervene and stay discovery in civil litigation based in part on material submitted *ex parte* to protect grand jury secrecy, notwithstanding that the Government had publicly noted that the ongoing grand jury investigation involved "substantial overlap" with facts charged in the civil matter).

Notably, the Company, which is the party to the litigation, has not sought any relief from the Court, nor claimed any prejudice in its ability to respond to the pending litigation based on the Government's submission of a limited subset of material *ex parte*. Nor would such an argument hold water given the breadth of unredacted factual material the Government submitted in support of its arguments. Güven, as a non-party to the litigation, has no basis to seek the production of the *ex parte* materials. Should the Court reach the merits, however, for the reasons set forth herein, the Court should deny Güven's demand to receive the *ex parte* materials.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____
Allison C. Nichols
Alexandra N. Rothman
Assistant United States Attorneys
(212) 637-2366/-2580

cc: All Counsel (by ECF)

3