UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

                -against-                                25-cr-0592 (LAK)

GÖKÇE GÜVEN,

                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/2026

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

           Defendant stands indicted for wire fraud in connection with her actions in raising over $7 million from investors. The government's investigation continues, and it has announced that it intends to supersede the present indictment by the end of this month. The matter is before the Court on a motion – fully briefed as of today – by the government to compel full compliance with two grand jury subpoenas served on a non-party to this case that is controlled by defendant. The government submitted part of that motion *ex parte*, and defendant now seeks to strike the *ex parte* designation.

### *Facts*

           As previously noted (Dkt 27), the government submitted to the undersigned two sets of motion papers that moved for the same relief – an order (a) overruling privilege claims by a non-party controlled by defendant with respect to some documents responsive to a pair of grand jury subpoenas served on the non-party, and (b) compelling the non-party to comply with the subpoenas. One set of the papers was labeled, "Filed Under Seal," the other, "Filed Under Seal and *Ex Parte*." The sets are identical save for the fact that one paragraph of the government's memorandum, five

exhibits, and parts of two paragraphs in the moving declaration that contain limited descriptions of two of the aforementioned exhibits are omitted or redacted from the set labeled just, "Filed Under Seal." The "Filed Under Seal" version was served on the non-party but not defendant. So the only material submitted *ex parte* was the redacted sections of the government's motion and declaration and the omitted exhibits. This material was submitted to the Court exclusively.

The Court noted the confusion created by the manner in which the government's papers were labeled and captioned and, on January 15, 2026, entered an order concerning the filing and sealing of the papers and setting a schedule for briefing the government's motion to compel the non-party. That order, which expressly disclaimed any ruling or implication as to whether defendant had standing with respect to the government's motion, was electronically served on defendant's counsel via CM/ECF.

Defendant, asserting that she is "perplex[ed]" by the fact that the government did not serve its motion on her, now objects to the *ex parte* designation.[1]

### *Discussion*

There evidently is much less to the current *contretemps* than initially might meet the eye.

First, it appears that defendant already has the papers served on the non-party. As the government has pointed out, the government took no position on whether the non-party could share

---

[1] Jan. 17, 2026 Def.'s Am. Letter (Dkt 31) at 1.

Her original application sought also to have the papers entirely unsealed. Jan. 16, 2026 Def.'s Letter (Dkt 30) at 2. She amended that application the next day, and the amended letter did not seek unsealing. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Int'l Controls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977). Accordingly, there is no request for unsealing before the Court.

3

the sealed papers with defendant.  Given that defendant controls the non-party, the inference that she received the government's sealed papers almost immediately after the non-party received them is compelling.  The defendant, moreover, dropped her request to unseal the papers when she amended her application to the Court.[2]  Any lack-of-notice claim she previously might have made thus is not before the Court.

In any case, the dispute that remains is one between the government and the non-party – viz., whether the non-party can resist production of any of the subpoenaed material in the non-party's possession, custody, or control on the basis of a privilege belonging to the non-party.  While defendant conceivably might be affected by the resolution of that dispute, she is not personally a party to it.  So there is a basis for questioning her standing to participate in litigating that issue, especially in view of the relationship between her and the non-party.  But the Court need not decide that question here.

The inescapable fact is that the limited redactions and omissions excluded from the full materials submitted to the Court *ex parte* are necessary to protect the secrecy of the grand jury.  As the government argues:

> "It is entirely appropriate for the Court to receive an *ex parte* submission where necessary to protect grand jury secrecy, particularly where, as here, the opposing party[, which in this case is the non-party served with the subpoenas, not defendant,] has sufficient information to understand the basis for the Government's motion. *See SEC v. Beacon Hill Asset Mgmt. LLC*, No. 02 Civ. 8855 (LAK), 2004 WL 367673, at *1 (S.D.N.Y. Feb. 25, 2004) (allowing government to rely in part on *ex parte* submission in support of a motion to stay discover[y], even over defendant's objection); *see also In re Grand Jury Subpoenas Dated Sept. 13, 2023*, 128 F.4th 127, 135–36 (2d Cir. 2025) (noting, without apparent concern, that the "district court permitted the government to file its [crime-fraud] motion under seal and to file certain exhibits *in camera* and *ex parte*"); *SEC v. Straightpath Venture Partners, LLC, et al.*, 22 Civ. 3897 (LAK) (Dkt. Nos. 101, 102, 148) (granting the Government's motion to intervene and stay discovery in civil litigation based in part on material submitted *ex parte* to protect grand jury secrecy, notwithstanding that the Government had publicly

---

[2]

Note 1, *supra*.

4

noted that the ongoing grand jury investigation involved 'substantial overlap' with facts charged in the civil matter)."[3]

### *Conclusion*

For the foregoing reasons, defendant's amended application to remove the *ex parte* designation and thus disclose to her the redactions and omissions from the motion papers as served on the non-party (Dkt 31) is denied in all respects.

SO ORDERED.

Dated:          January 27, 2026

_____
Lewis A. Kaplan
United States District Judge

---

[3]     Jan. 22, 2026 Gov't's Letter (Dkt 34) at 3.

See also *United States v. Gerace*, No. 21-2419, 2023 WL 3243477, at *3 (2d Cir. May 4, 2023) (summary order); *In the Matter of a Grand Jury Subpoena directed to Marc Rich & Co., A.G.*, 707 F.2d 663, 670 (2d Cir. 1983); *In re John Doe Corp.*, 675 F.2d 482, 490 (2d Cir. 1982).