

902 Broadway  
18th Floor  
New York, NY 10010-6035

212.430.2600  
Fenwick.com

Noah Solowiejczyk  
NSolowiejczyk@fenwick.com  |  212.430.2779

March 9, 2026

**VIA ELECTRONIC MAIL**

The Honorable Lewis A. Kaplan  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

Re:   <u>United States v. Gökçe Güven</u>, 25-cr-00592-LAK

Dear Judge Kaplan:

  Non-party Kalder Inc. ("Kalder" or the "Company") writes in connection with the Court's March 2, 2026 decision and order (Dkt. 44) compelling production in response to the grand jury subpoena dated January 9, 2026. Kalder respects this Court and this Court's authority, as does undersigned counsel. But, once the records that Kalder maintains are privileged and subject to attorney work product are turned over to the Government, there is no way to "unring that bell." Kalder thus requires appellate review to ensure that it has fully and zealously advocated for its rights to withhold the records pursuant to the attorney-client privilege and the attorney-work product doctrine.

  Under controlling Second Circuit precedent, Kalder cannot seek immediate appellate review from the Court's order. Rather, Kalder must first decline to comply, be held in contempt by the Court, and only then pursue an appeal. *See In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*, 490 F.3d 99, 104 (2d Cir. 2007) ("To obtain appellate review, the subpoenaed person ordinarily 'must defy the district court's enforcement order, be held in contempt, and then appeal the contempt order, which is regarded as final under § 1291.'") (quoting *United States v. Constr. Prods. Research, Inc.,* 73 F.3d 464, 469 (2d Cir. 1996)); *see also In re Grand Jury Subpoenas dated Sept. 13, 2023*, 128 F.4th 127, 137 (2d Cir. 2025) (same). Accordingly, to obtain appellate review of the ruling, Kalder must decline to comply with the Court's order pending appeal.

  Should the Government seek an order holding Kalder in contempt, Kalder respectfully urges the Court not to impose a monetary sanction for Kalder's refusal to comply, which is solely occurring due to Kalder's need to appeal. Kalder asks the Court to consider that the Government has seized substantially all of Kalder's assets in connection with this prosecution, leaving the Company without the means to pay a contempt penalty.

  Kalder further advises that Defendant Gökçe Güven resigned from all management and board positions as of February 6, 2026, is no longer involved in the Company's decision-making

March 9, 2026
Page 2

about compliance with the subpoenas or any other matter, and has not been consulted regarding Kalder's decision to refuse to comply with the Court's order.

Kalder also represents that it has taken, and will continue to take, all reasonable steps to comply with and preserve documents and information responsive to the January 9, 2026 subpoena. This includes today's production to the Government of responsive records that Kalder has determined are not privileged or work product.

Kalder does not take this position lightly and does so solely to enable appellate consideration of the important privilege and work product issues addressed in the Court's opinion.

                                                             Respectfully Submitted,

                                                             FENWICK & WEST LLP

                                                             */s/ Noah Solowiejczyk*
                                                             Noah Solowiejczyk

cc: All counsel of record (by e-mail)