UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>GÖKÇE GÜVEN,<br><br>Defendant. | : | S3 25 Cr. 592 (LAK) |
| CEM YILDIRIM<br><br>and<br><br>TUNC YILDIRIM,<br><br>Petitioners. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE GOVERNMENT'S MOTION TO DISMISS PETITIONERS' PETITIONS**

JAMES M. MCDONALD
Attorney for the United States
Southern District of New York

Allison C. Nichols
Alexandra N. Rothman
Assistant United States Attorneys
- *Of Counsel* -

## TABLE OF CONTENTS


TABLE OF AUTHORITIES ..... i

PRELIMINARY STATEMENT ..... 1

I. BACKGROUND ..... 1

  A. Criminal Proceedings ..... 1

  B. The Ancillary Petitions ..... 2

    1. Cem Yildirim Petition ..... 2

    2. Tunc Yildirim Petition ..... 2

II. ARGUMENT ..... 3

  A. Applicable Law ..... 3

    1. Motions to Dismiss ..... 3

    2. Constitutional and Statutory Standing ..... 4

    3. The Constructive Trust Exception ..... 8

  B. Discussion ..... 9

    1. Petitioners Lack Article III Standing ..... 9

    2. Petitioners Lack Statutory Standing ..... 10

CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Cases**

*Bacchus v. United States*, No. 12-CV-5104 (DLI), 2014 WL 2558800 (E.D.N.Y. June 6, 2014) . 7

*In re 650 Fifth Ave. and Related Properties*, 581 F. App'x 61 (2d Cir. 2014).................. 7, 13, 14

*In re First Cent. Fin. Corp.*, 377 F.3d 209 (2d Cir. 2004) ........................................................ 17

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) ......................... 6, 13

*Liu v. Democratic Nat'l Comm.*, No. 21-3021, 2022 WL 4372587 (2d Cir. Sept. 22, 2022)......... 7

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000)............................................................. 4

*Mazzocchi v. Windsor Owners Corp.*, No. 11 Civ. 7913 (AT),
2013 WL 5295089 (S.D.N.Y. Sept. 17, 2013)............................................................................. 4

*Pacheco v. Serendensky*, 393 F.3d 348 (2d Cir. 2004) ........................................................ 4, 8, 9

*United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629 (9th Cir. 2012) ............................. 7

*United States v. Agnello*, 344 F. Supp. 2d 360 (E.D.N.Y. 2004).................................................. 10

*United States v. All Assets Held at Bank Julius Baer & Co.*,
772 F. Supp. 2d 191 (D.D.C. 2011) .......................................................................................... 10

*United States v. Benitez*, 779 F.2d 135 (2d Cir. 1985)................................................................ 16

*United States v. Cambio Exacto, S.A.*, 166 F.3d 522 (2d Cir. 1999) ............................. 6, 7, 13, 14

*United States v. Egan*, No. 10 Cr. 191 (JFK), 2011 WL 798852 (S.D.N.Y. Mar. 7, 2011) ........... 5

*United States v. Emor*, No. 10-0298 (PLF), 2013 WL 3005366 (D.D.C. June 18, 2013)............. 5

*United States* v. *Madoff*, No. 09 Cr. 213 (DC), 2012 WL 1142292 (S.D.N.Y. Apr. 3, 2012) . 9, 10

*United States v. McCorkle*, 143 F. Supp. 2d 1311 (M.D. Fla. 2000) ......................................... 10

*United States v. Nektalov*, 440 F. Supp. 2d 287 (S.D.N.Y. 2006) ................................................. 4

*United States v. Rahmankulov*, No. 20 Cr. 653 (RA),
2024 WL 68419 (S.D.N.Y. Jan. 5, 2024)……………… ............................................. 6, 13, 14

*United States v. Ribadeneira*, 105 F.3d 833 (2d Cir. 1997) ..................................................... 8, 9

*United States v. Salti*, 579 F.3d 656 (6th Cir. 2009)..................................................................... 5

*United States v. Schwimmer*, 968 F.2d 1570 (2d Cir. 1992)............................................... 10, 12

*United States v. Watkins*, 320 F.3d 1279 (11th Cir. 2003) ......................................................... 10

*United States v. Watts,* 786 F.3d 152 (2d Cir. 2015) ....................................................... 8, 11, 12

*United States v. White*, 675 F.3d 1073 (8th Cir. 2012)........................................................... 5, 10

**Statutes**

18 U.S.C. § 982(b)(1) ................................................................................................................. 10

21 U.S.C. § 853............................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12 .................................................................................................................... 1, 8
Fed. R. Crim. P. 32.2(c) ........................................................................................................ 4, 6, 8

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in support of its motion to dismiss the petitions filed by Cem Yildirim and Tunc Yildirim (the "Petitioners") asserting an interest in funds held in certain bank accounts subject to criminal forfeiture (the "Petitions," ECF Nos. 72, 73). Because the Petitioners have failed to allege facts giving rise to Article III or statutory standing, the Petitions should be dismissed for lack of subject matter jurisdiction under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure.

## I. BACKGROUND

### A. Criminal Proceedings

Between 2024 and 2025, the defendant Gökçe Güven, the CEO and founder of Kalder Inc. ("Kalder"), a technology company, orchestrated a scheme to defraud Kalder's investors of nearly $7 million. On May 15, 2026, the defendant waived indictment and pleaded guilty, pursuant to a plea agreement with the Government, to a one-count Superseding Information, S3 25 Cr. 592 (LAK) (the "Information"), charging her with securities fraud, in violation of Title 15, United States Code, Sections 77q(a) and 77x.

On May 28, 2026, following the defendant's guilty plea, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture"), which (i) imposed a forfeiture money judgment against the defendant in the amount of $6,717,998, representing proceeds traceable to the commission of the offense charged in the Information, and (ii) forfeited all of the defendant's right, title and interest in the following property:

> (a) any and all monies, assets, and funds contained in the Mercury checking account bearing account number 202217285146, held in the name of Kalder; and
>
> (b) any and all monies, assets, and funds contained in the Mercury treasury account bearing account number 8IS-06631-12 RR ZXB, held in the name of Kalder

(the "Specific Property") (ECF No. 65). Sentencing is scheduled for October 8, 2026.

**B. The Ancillary Petitions**

**1. Cem Yildirim Petition**

On July 29, 2026, Cem Yildirim ("Cem") filed a petition asserting an interest in the Specific Property. (ECF No. 72). Cem claims that he holds "pre-forfeiture contractual and equitable rights" arising from a Consulting Agreement, in which he agreed to perform certain services for Kalder in exchange for cash payments and equity participation. (*Id.* ¶¶ 29, 30). Cem alleges that Güven failed to pay him as required. Cem concedes that unpaid compensation does not itself establish ownership of the Specific Property, but instead argues that, under Section 853(n)(6)(A) and New York law, he has a superior interest in the Specific Property because his Consulting Agreement "existed before the forfeiture order." (*Id.* ¶ 86). In the alternative, Cem asks the Court to impose a constructive trust to allow him to contest forfeiture of the Specific Property.

**2. Tunc Yildirim Petition**

On July 29, 2026, Tunc Yildirim ("Tunc") filed a petition asserting an interest in the Specific Property. (ECF No. 73). Tunc claims that he holds "pre-forfeiture contractual and equitable rights" based on an oral agreement, in which the defendant requested that Tunc perform certain engineering work for Kalder in exchange for compensation. (*Id.* ¶ 10). Tunc claims the defendant failed to pay him as required. Like Cem, Tunc concedes that unpaid compensation does not itself establish ownership of the Specific Property, but instead seeks to rely on Section 853(n)(6)(A) and the constructive trust doctrine to argue that he is entitled to relief.

## II. ARGUMENT

### A. Applicable Law

#### 1. Motions to Dismiss

Under Section 853(n), a third-party may "petition the court for a hearing to adjudicate the validity of his alleged interest in property" subject to forfeiture. 21 U.S.C. § 853(n)(2); *see Pacheco v. Serendensky*, 393 F.3d 348, 351 (2d Cir. 2004). The burden is on the petitioner to establish an interest in the property, superior to the interest of the Government, by a preponderance of the evidence. 21 U.S.C. § 853(n)(6)(A); *see United States* v. *Nektalov*, 440 F. Supp. 2d 287, 295 (S.D.N.Y. 2006), *aff'd sub nom.*, *E.J.D. Diamond Mfr. v. United States*, 273 F. App'x 65 (2d Cir. 2008).

The Government may move to dismiss a petition for "lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). Motions to dismiss under Rule 32.2(c)(1)(A) are governed by the same standards applicable to motions to dismiss under Fed. R. Civ. P. 12(b). *Pacheco*, 393 F.3d at 352. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Motions to dismiss for lack of standing are decided under Rule 12(b)(1)." *Mazzocchi v. Windsor Owners Corp.*, No. 11 Civ. 7913 (AT), 2013 WL 5295089, at *4 (S.D.N.Y. Sept. 17, 2013) (citing *Rothstein v. UBS AG*, 708 F.3d 82, 90 (2d Cir. 2013) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)).

For purposes of a motion to dismiss, the facts set forth in a petition to adjudicate a third party's interest in property subject to forfeiture are assumed to be true. Fed. R. Crim. P. 32.2(c)(1)(A). A court may dismiss a petition without a hearing if the petition fails to allege all

elements necessary for recovery. *United States* v. *White*, 675 F.3d 1073, 1077 (8th Cir. 2012) (quoting *United States v. BCCI Holdings (Luxembourg) S.A. (Petitions of General Creditors*), 919 F. Supp. 31, 36 (D.D.C. 1996)); *United States* v. *Egan*, No. 10 Cr. 191 (JFK), 2011 WL 798852, *2 (S.D.N.Y. March 7, 2011) (finding persuasive the Sixth Circuit's holding, in *United States* v. *Salti*, 579 F.3d 656, 664 (6th Cir. 2009), that "discovery and a hearing are not required prior to a ruling on a motion to dismiss" a third-party claimant's petition); *United States* v. *Emor*, No. 10-0298 (PLF), 2013 WL 3005366, at *4 (D.D.C. June 18, 2013), *aff'd in part, rev'd in part*, 785 F.3d 671 (D.C. Cir. 2015). A court may also dismiss a petition if the petitioner could not prevail on the merits even if a hearing were held. *White*, 675 F.3d at 1081.

### 2. Constitutional and Statutory Standing

#### a. *Third Parties Must Have Standing*

A petitioner must have standing under Article III of the Constitution ("constitutional standing") as well as standing under Title 21, United States Code, Section 853 ("statutory standing"). *See United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999). "'Where [a] statutory standing issue is essentially the same as a merits issue,' the court must decide the constitutional standing issue first." *United States v. Rahmankulov*, No. 20 Cr. 653 (RA), 2024 WL 68419, at *2 n.2 (S.D.N.Y. Jan. 5, 2024) (quoting *All. For Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 (2d Cir. 2006)). Even in a criminal forfeiture ancillary proceeding, "constitutional 'standing is an essential and unchanging part of the case-or-controversy requirement of Article III' of the Constitution." *See id.* at *2 (quoting *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992)).

**b. *Article III Standing Requires an "Injury in Fact"***

Article III standing requires a petitioner to plead plausible facts establishing that they "suffered or [are] imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (quoting *Lujan,* 504 U.S. at 560); *see also Cambio Exacto, S.A.*, 166 F.3d at 527 ("While ownership or possession of property may provide evidence of standing . . . it is *injury* that is at the heart of the [Article III] standing question."). While a petitioner who is neither an owner nor possessor of property may suffer an injury from forfeiture if the petitioner has a "financial stake" in the property to be forfeited, "a party that holds no more than a claim against the owner or possessor lacks standing to challenge a property forfeiture." *In re 650 Fifth Ave. and Related Properties*, 581 F. App'x 61, 62 (2d Cir. 2014) (citing *Cambio Exacto, S.A.*, 166 F.3d at 527-29); *see also United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637-38 (9th Cir. 2012) ("Claimants in civil forfeiture actions can satisfy this test [for Article III standing] by showing that they have a 'colorable interest in the property,' which includes an ownership interest or a possessory interest[.]" (citations omitted)); *Bacchus v. United States*, No. 12-CV-5104 (DLI), 2014 WL 2558800, at *3 (E.D.N.Y. June 6, 2014) ("It is widely held that a claimant has a facially colorable interest in the proceedings [adequate for Article III standing], if he or she can show some ownership or possessory interest in the specific property to be forfeited.").

Without an "injury in fact" to a plaintiff, a court lacks constitutional power to adjudicate the case and must dismiss for lack of subject matter jurisdiction. *See Liu v. Democratic Nat'l Comm*., No. 21-3021, 2022 WL 4372587, at *2 (2d Cir. Sept. 22, 2022) (affirming district court's dismissal of action for lack of subject-matter jurisdiction where plaintiff "did not establish an

injury in fact because his concerns were 'conjectural' or 'hypothetical.'"); *White*, 675 F.3d at 1078 (to establish constitutional standing, party must demonstrate an ownership or possessory interest in the property).

**c. *Statutory Standing Requires a Legal Interest in the Subject Property***

A petitioner must also prove, by a preponderance of the evidence, that he has statutory standing under Section 853(n)(6). To establish statutory standing, a petitioner "must demonstrate that he has a 'legal interest in [the forfeited] property.'" *United States v. Watts*, 786 F.3d 152, 161 (2d Cir. 2015); *see United States* v. *Ribadeneira*, 105 F.3d 833, 835-6 (2d Cir. 1997). To show a valid legal interest, a third-party petitioner must either (a) have an interest in the property that is superior to the criminal defendant's because it arose prior to "the time of the commission of the acts [that] gave rise to the forfeiture," 21 U.S.C. § 853(n)(6)(A), or (b) be a "bona fide purchaser for value" of the property who was "reasonably without cause to believe that the property was subject to forfeiture" at the time of purchase, *id.* § 853(n)(6)(B). *Pacheco v. Serendensky*, 393 F.3d 348, 353 (2d Cir. 2004).[1]

Under the so-called "relation back doctrine," the Government's interest vests for fraud proceeds at the time of the commission of the fraudulent acts giving rise to the forfeiture of those proceeds. This doctrine precludes third-party petitioners, who acquired their interest in forfeitable property *after* the commission of the crime, from establishing a valid interest in the property. *See Pacheco*, 393 F.3d at 353; *Hooper*, 229 F.3d at 821; *United States v. King*, No. 10 Cr. 122 (JGK), 2012 WL 2261117, at *6 (S.D.N.Y. June 18, 2012) ("where a petitioner claims an interest in

---

[1] The Petitioners do not assert they are bona fide purchasers for value.

property purchased with crime proceeds, § 853(n)(6)(A) will likely never apply, because crime proceeds, by definition, do not precede the commission of criminal activity but instead result from that criminal activity").

The Second Circuit routinely denies statutory standing under Section 853(n) to general creditors. *See United States* v. *Madoff*, No. 09 Cr. 213 (DC), 2012 WL 1142292, at *4 (S.D.N.Y. Apr. 3, 2012) ("[A] legal interest sufficient to establish a 'right, title or interest in the [forfeited] property' under § 853(n)(6), must be 'in a particular, specific asset, as opposed to a general interest in an entire forfeited estate or account'" (quoting *Ribadeneira*, 105 F.3d at 836)). A general claim against a defendant from whom forfeitable property was seized or a general claim against that defendant's assets as a whole is not sufficient to establish a valid legal interest in the specific property subject to forfeiture. *See Ribadeneira*, 105 F.3d at 835-36 (general creditors have no standing in an ancillary proceeding because they have no interest "in" specific forfeited property; section 853(n) requires petitioners to demonstrate "an interest in a *particular, specific asset*, as opposed to a general interest in an entire forfeited estate or account" (emphasis added)); *see also United States v. Schwimmer*, 968 F.2d 1570,1580-81 (2d Cir. 1992) (general creditors lack standing under 18 U.S.C. § 1963(1)(6)).

For a general creditor to obtain a vested interest in specific property sufficient to confer standing, not only must the general creditor obtain a judgment against the debtor, but he must also have perfected a lien against the specific property, *i.e.*, secured the judgment against the property at issue. *Madoff*, 2012 WL 1142292, at *4 (emphasis added); *see also United States* v. *McCorkle*, 143 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000) ("A general creditor has no 'vested' or 'superior' interest in particular assets forfeited unless he not only has secured a judgment against the debtor, but also has perfected a lien against the particular item.") (citation omitted); *United*

*States* v. *Agnello*, 344 F. Supp. 2d 360, 364 (E.D.N.Y. 2004) ("A party's interest in property must be an interest in a particular, specific asset that has been ordered forfeited to the government . . ."); *United States* v. *All Assets Held at Bank Julius Baer & Co.*, 772 F. Supp. 2d. 191, 199 (D.D.C. 2011) (holding an *in personam* judgment against participant company in criminal enterprise insufficient to confer ownership interest in specific property); *United States v. Watkins*, 320 F.3d 1279, 1283-84 (11th Cir. 2003) (unsecured creditors lack standing to contest the forfeiture in an ancillary proceeding because they have no interest in the particular assets subject to forfeiture); *White*, 675 F.3d at 1080-81 (without a secured interest in stock or its forfeiture proceeds, but merely a contractual interest in the forfeited proceeds, petitioner lacked standing to contest forfeiture).

### 3. The Constructive Trust Exception

The exception to allowing a third-party to assert an interest in fraud proceeds is if the court imposes the equitable remedy of a constructive trust. "[A] constructive trust arises when, in the eyes of equity, a [person] is the true owner of the property at issue due to his right to the underlying assets from which it derives." *Watts*, 786 F.3d at 168 (internal quotation marks and alterations omitted). Put differently, the assets of a constructive trust belong to the trust's beneficiaries, rather than a criminal defendant holding the trust's assets. *See Willis Mgmt.*, 652 F.3d at 242; *Schwimmer*, 968 F.2d at 1581-83. A petitioner who is the beneficiary of a constructive trust enjoys a "legal interest" in the trust's property for purposes of an ancillary proceeding. *Willis Mgmt.*, 652 F.3d at 242; *see also Schwimmer*, 968 F.2d at 1572, 1581-83. "[I]f applicable state law imposes a constructive trust in property in favor of a third party, the third party's interest is superior to the government's." *Fed. Ins. Co. v. United States*, 882 F.3d 348, 371 (2d Cir. 2018).

Under New York law, there are six elements to a constructive trust: "(1) a confidential or fiduciary relationship; (2) an express or implied promise; (3) a transfer of the subject res made in reliance on the promise; (4) unjust enrichment; (5) an inadequate legal remedy; and (6) the tracing of the litigant's property to the assets." *United States v. Vilar*, No. 05 Cr. 621 (RJS), 2021 WL 4504699, at *4 (S.D.N.Y. Sept. 30, 2021).

**B. Discussion**

**1. Petitioners Lack Article III Standing**

The Petitions should be dismissed because the Petitioners lack Article III standing. While the Petitioners may have suffered loss as a result of the defendant's failure to pay for their services, that loss does not give rise to an "injury in fact" with respect to the Specific Property. Petitioners do not claim, nor could they claim, that the Specific Property is in the name of or in possession of the Petitioners. Rather, they simply assert that they entered into agreements, both written and oral, with the defendant to perform services for Kalder and that they were not paid for their work. But that allegation is insufficient to confer Article III standing. *See Rahmankulov*, 2024 WL 68419, at *3.

The Court's decision in *Rakhmankalov* is instructive. There, a petitioner sought to challenge the Government's forfeiture of funds seized from a bank account that was titled in the name of a corporation, asserting that he was the owner of the funds. Judge Abrams dismissed the petition for lack of Article III standing, explaining that the allegations were insufficient to demonstrate a concrete interest in the funds. In particular, Judge Abrams found that the petitioner had not alleged facts showing his relationship with the corporate account owner such that the forfeiture of the funds at issue would injure him, and thus failed to establish that he "suffered or [is] imminently threatened with" injury, leaving the Court without jurisdiction to adjudicate the

validity of his alleged interest in the funds. *Rahmankulov*, 2024 WL 68419, at *3.

Like the petitioner in *Rahmankulov*, the Petitioners have simply stated in conclusory fashion that a debt is owed to them. But a petitioner's mere claim of being an unsecured creditor of the owner of property subject to forfeiture does not constitute a constitutionally cognizable financial stake in the property subject to forfeiture. *See In re 650 Fifth Ave. and Related Properties*, 581 F. App'x at 62 ("a party that holds no more than a claim against the owner or possessor lacks [Article III] standing to challenge a property forfeiture" (citing *Cambio Exacto*, 166 F.3d at 527-29)). The Petitions should be dismissed.

**2. Petitioners Lack Statutory Standing**

Even if the Petitioners could establish Article III standing, they would still lack statutory standing, making dismissal appropriate. The Petitioners insist they are owed compensation from Kalder and the defendant. But Petitioners do not allege to have secured a judgment or lien against the Specific Property. The Petitioners are therefore general unsecured creditors, a type of creditor that does not have standing under Section 853(n)(6)(A). In addition, because the Petitioners' agreements with Kalder began *after* the fraud scheme started, the Government's interest in the Specific Property had already vested by the time of the agreements, thereby making the Government's interest superior to any interest of the Petitioners.

Nor should the Court impose a constructive trust. Courts have created the equitable remedy of a constructive trust to protect the interests of crime victims when they transferred proceeds to the defendant which were then being subject to forfeiture. But the Petitioners were not defrauded, nor were they crime victims. The Petitioners purportedly performed services under an agreement, the agreement was breached, and they were not compensated. In order to impose a constructive trust, the Petitioners would need to assert that the Specific Property, which are funds in bank

accounts in the name of Kalder, contain funds provided by the Petitioners to Kalder. *United States v. Benitez*, 779 F.2d 135, 140 (2d Cir. 1985) (finding "[t]he Second Circuit has . . . strictly required the claimant to a constructive trust to 'trace his own property into a product in the hands of the wrongdoer[,]'"). The Petitioners have failed to do so.[2]

Finally, the Petitioners have an adequate legal remedy to rectify their losses. Petitioners can initiate a civil lawsuit against Kalder or the defendant to recover any lost compensation. In fact, Cem has already availed himself of this remedy: in May 2026, Cem filed a civil complaint against Kalder for breach of contract. (*See* ECF No. 72 at 9). Where, as here, another legal remedy is available, the imposition of a constructive trust is inappropriate. *See In re First Cent. Fin. Corp.*, 377 F.3d 209, 215 (2d Cir. 2004) ("New York courts have clarified that as an equitable remedy, a constructive trust should not be imposed unless it is demonstrated that a legal remedy is inadequate.").

[2] Whatever services the Petitioners provided to Kalder, they were unrelated to the fraud scheme. That is another basis to deny Petitioners' request for a constructive trust. *See United States v. Semones*, No. 1:20-cr-00043-DCN, 2021 WL 2695357 (D. Idaho June 30, 2021) (petitioner lender failed to establish elements of constructive trust because forfeited funds were not traceable to the loan that petitioner extended to defendant and loan was unrelated to defendant's fraudulent conduct).

## CONCLUSION

For the reasons set forth above, the Petitions should be dismissed.

Dated: September 18, 2026
New York, New York

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: Alexandra Rothman
__________________________
Allison C. Nichols
Alexandra N. Rothman
Assistant United States Attorneys
(212) 637-2580

**AFFIRMATION OF SERVICE**

Alexandra N. Rothman, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

2. On September 18, 2026, I caused copies of the Memorandum Of Law In Support Of The Government's Motion To Dismiss Petitioners' Petitions to be delivered by U.S. Certified Mail to:

| |
|---|
| Cem Yildirim<br>10474 Greendale Dr.<br>Tampa, FL 33626 |
| Tunc Yildirim<br>9762 Magnolia Blossom Dr.<br>Tampa, FL 33626 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
September 18, 2026

JAMES M. MCDONALD
United States Attorney

By: Alexandra Rothman [signature]

Alexandra Rothman
Assistant United States Attorney
26 Federal Plaza
New York, New York 10278
Tel. (212) 637-2580